Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
FRANK C. HERRERA

E-FILING

ORIGINAL FILED
JUL 3 0 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FRANK C. HERRERA,

　　　　　Plaintiff,

v.

THE WINN LAW GROUP, A PROFESSIONAL CORPORATION, a California corporation, and BRIAN NEVINS WINN, individually and in his official capacity,

　　　　　Defendants.

Case No. C08 03661 RMW PVT

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, FRANK C. HERRERA (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.　　This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2.　　According to 15 U.S.C. § 1692:

　　a.　　There is abundant evidence of the use of abusive, deceptive, and unfair debt

-1-
COMPLAINT

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

///

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7. Plaintiff, FRANK C. HERRERA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

8. Defendant, THE WINN LAW GROUP, A PROFESSIONAL CORPORATION (hereinafter "WLG"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 110 East Wilshire Avenue, Suite 212, Fullerton, California 92832-1960. WLG may be served as follows: The Winn Law Group, A.P.C., c/o Brian N. Winn, Agent for Service of Process, 110 East Wilshire Avenue, Suite 212, Fullerton, California 92832-1960. The principal business of WLG is the collection of debts using the mails and telephone, and WLG regularly attempts to collect debts alleged to be due another. WLG is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9. Defendant, BRIAN NEVINS WINN, (hereinafter "WINN"), is a natural person and licensed attorney in the state of California. WINN may be served at his current business address at: Brian Nevins Winn, The Winn Law Group, A.P.C., 110 East Wilshire Avenue, Suite 212, Fullerton, California 92832-1960. WINN is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

-3-
COMPLAINT

## VI. FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit card account issued by Capital One Bank and bearing the account number XXXX-XXXX-XXXX-0304 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

13. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. The collection letter (Exhibit "1") is dated December 24, 2007.

15. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt alleged to be owed to Capital One Bank.

16. The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated December 24, 2007, was imprinted.

17. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about December 24, 2007.

18. Defendants knew or should have known that their conduct was directed towards a senior citizen.

19. The collection letter (Exhibit "1") states, in relevant part:

> The amount of the debt that we are attempting to collect ("the debt") is reflected on the front of this letter.
>
> The name of the creditor to whom the debt is owed is reflected on the front of this letter.
>
> Unless you, within 30 days after receipt of this notice ("the 30-day period"), dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid.

> If you notify us within the 30-day period that the debt, or any portion thereof, is disputed, we will obtain a verification of the debt or a copy of a judgment against you and mail a copy of such verification or judgment to you.
>
> Upon your request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

20. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

22. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24. Defendant, WLG, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant, WINN, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation alleged to be owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against him, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

-5-
COMPLAINT

      c.     Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

      d.     Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

28.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30.    Plaintiff brings the second claim for relief against Defendant, WLG, <u>only</u> under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31.    Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33.    Defendant, WLG, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34.    The financial obligation alleged to be owed to Capital One Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

35.    The collection letter (Exhibit "1") described above violates the RFDCPA.

The violations include, but are not limited to, the following:

    a. Defendant, WLG, misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against him, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

    b. Defendant, WLG, misrepresented Plaintiff's right to obtain the name and address of the original creditor, if it is different than the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

    c. Defendant, WLG, failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and

    d. Defendant, WLG, failed to send Plaintiff a written notice containing a statement that upon Plaintiff's *written* request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

36. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

37. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

38. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil

-7-
COMPLAINT

Code §1788.17.

39. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

40. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

c. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17;

h. Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

i. Award Plaintiff such other and further relief as may be just and proper.

///

///

///

-8-
COMPLAINT

```
                                    CONSUMER LAW CENTER, INC.


                                    By: /s/ Fred W. Schwinn
                                        Fred W. Schwinn, Esq.
                                        Attorney for Plaintiff
                                        FRANK C. HERRERA
```

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

```
                                    /s/ Fred W. Schwinn
                                    Fred W. Schwinn, Esq.
```

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, FRANK C. HERRERA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

```
                                    /s/ Fred W. Schwinn
                                    Fred W. Schwinn, Esq.
```

-9-
COMPLAINT

# WINN LAW GROUP

BRIAN N. WINN

LAURA McCARTHY HOALST
JOHN E. GORDON
JONATHAN B. KLEIN
NAOMI S. BRICKEY
WILLIAM J. EDWARDS

A PROFESSIONAL CORPORATION

(Formerly Winn and Sims, A P.C.)
THE CHAPMAN BUILDING
110 E. WILSHIRE AVE, SUITE 212
FULLERTON, CA 92832-1109

POST OFFICE BOX 1216
FULLERTON, CALIFORNIA 92836

TELEPHONE: (714) 446-6686
Toll Free Telephone:: 866-494-6674
FAX: (714) 446-6680

E-MAIL: CustServ@winnsims.com

December 24, 2007

Frank C Herrera
Apt 66
2080 Southwest Expy
San Jose CA 95126-4672

07-38083-0

RE:   Creditor:                              CAPITAL ONE BANK
      Account Number:                        4305722201030304
      Principal Due on Account:              $7,064.89
      Interest Due on Account:               $1,737.10 through December 24, 2007
      Total Due as of December 24, 2007:     $8,801.99
      Name of Debtor:                        FRANK C HERRERA

Dear Sir/Madam:

**This lawfirm and all of its employees are debt collectors. This letter is an attempt to collect a debt. Any information obtained by us will be used for that purpose.**

We represent the above named creditor, who referred the debt to us for collection. At this time, we are investigating the validity of our client's claim. No attorney with this firm has personally reviewed the particular circumstances of your account. We have not yet made a decision whether or not to file suit to collect the debt. Any suit to collect the debt, however, will be filed by an attorney licensed to practice law in the state in which the complaint is filed.

If you dispute the validity of the debt, or any portion thereof, we invite you to explain why. You are not under any duty to tell us anything, but if you decide to do so, we will take any information that you decide to provide to us into consideration in deciding whether or not the debt is valid. If you admit the validity of the debt and you would like to make a voluntary arrangement to pay it off, you may contact us as follows: (1) by writing to us at 110 East Wilshire Avenue, Suite 212, Fullerton, CA 92832-1960, (2) by telephoning our office at **(714) 388-3080 or toll-free 866-494-6674** and speak with your Negotiations Representative, or (3) by sending us a fax at (714) 446-1987.

If you have any questions regarding your rights or liabilities, please consult an attorney.

EXHIBIT 1

Brian N. Winn

**IMPORTANT CONSUMER NOTICES SET FORTH ON THE BACKSIDE OF THIS DOCUMENT. PLEASE READ.**

FRANK C HERRERA
December 24, 2007
Page Two

The amount of the debt that we are attempting to collect ("the debt") is reflected on the front of this letter.

The name of the creditor to whom the debt is owed is reflected on the front of this letter.

Unless you, within 30 days after receipt of this notice ("the 30-day period"), dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid.

If you notify us within the 30-day period that the debt, or any portion thereof, is disputed, we will obtain a verification of the debt or a copy of a judgment against you and mail a copy of such verification or judgment to you.

Upon your request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

BNW: NON
Copy: Tracy Williams
File No. 07-38083-0

G:/lcs_data/forms/ndl.frm

f

**WINN LAW GROUP**
THE CHAPMAN BUILDING
110 E. WILSHIRE AVENUE, SUITE 212
FULLERTON, CA 92832

ADDRESS SERVICE REQUESTED

FIRST CLASS

Frank C Herrera
Apt 66
2080 Southwest Expy
San Jose CA 95126-4672

02 1M
0004214705
MAILED FROM ZIP CODE 92832
UNITED STATES POSTAGE
$00.41⁰
DEC 24 2007
PITNEY BOWES